

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| THE UNDERSIGNED PRISONERS | § | |
| | § | |
| VS. | § | |
| | § | 6:16cv97 MHS/JDL |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, | § | |
| TEXAS BOARD OF PARDONS AND PAROLES, AND | § | _____ cv _____ |
| | § | |
| TEXAS CORRECTIONAL INDUSTRIES | § | |

ORIGINAL PETITION

FOR CIVIL RELIEF AND DAMAGES

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the undersgined prisoners, in the above styled and numbered cause and files this original petition for relief and damages. Petitioners would respectfully show the following:

I.

**Parties:**

Defendants:Texas Department of Criminal Justice (TDCJ), Texas Board of Pardons, and Paroles, Texas Correctional Industries Bard Livingston, (Executive Director of TDCJ), and every member of the board of TDCJ and every member of the Board of Paroles in their official and individual capacities along with every member of the Board of Texas Correctional Industries, in their official and individual capacities.

§1983-Original Petition                                                page,1

Plaintiffs are all of the undersigned prisoners, who are incarcerated in the H.H. Coffield Unit of the Texas Department of Criminal Justice, located at 2661 F.M. 2054, Tennessee Colony, Texas 75884

## II.

### Jurisdiction

Petitioners are residents of the State of Texas and have been for over 90 days. Petitoners are currently being subjected an illegal scheme to deprive them of their labor and work product without compensation. Petitioners are raising a constitutional question under both the 4th Amendment and 13th Amendment of the Constitution of the United States, and a federal issue under U.S.C 1589, including federal civil liability under U.S.C. 1595.

The violations of Petitioners constitutional rights and U.S. code is alleged to have occurred, or is occurring in the State of Texas by the way and use of color of law under 1983 contrary to to the laws of both Texas and the United States of America. Petitioners are currently being housed in TDCJ's H.H. Coffield Unit located at 2661 F.M. 2054, Tennessee Colony, County of Anderson, Texas. 75884. Petitioners are currently within the jurisdiction of the Eastern District of Texas, Tyler Division.

## III

### History

Texas is one of the few states or territories of the U.S. that does not pay a viable wage for inmate labor. Texas has recognized the need to pay inmates for some types of labor associated with programs falling under the federal prison programs act and codified via Vernons Texas Government Code 497.004 in its TXI Industry work programs. However, TDCJ has failed to offer any meaningful compensation to all inmates. TDCJ has applied a Good Time/Work Time compensation plan in lieu of actual tangible

tender. Unfortunately, this new compensation does not have any value. This compensation is not useful to purchase any goods or services within TDCJ, outside of TDCJ, nor can it be used to shorten an inmate's sentence. In fact, good time/work time can be removed via various conduits created by Texas Legislature, Department of Criminal Justice, or Texas Board of Paroles and Pardons. Texas Code of Criminal Procedures 42.24 which provides for the permanent removal of all Good Time upon a violation. TDCJ even goes as far as to require as a condition of release to Parole/Mandatory Supervision that a potential release agree to sign a waiver of all rights and interest and interests in any and all accrued Good Time/Work Time. This is not voluntary relinquishment of property, but a mandatory requirement imposed before an individual signs and agrees to parole/mandatory supervision requirements. Texas House Bill 1649 even authorizes the Texas Board of Paroles and Pardons, Texas Department of Criminal Justice to not restore Good Time/Work Time on most Parole/Mandatory Supervision violations (VTGC 508.150(d))

IV.

Facts:

Petitioner is being subjected to a payment system for his labor and conduct designed to falsely enrich the Texas Department of Criminal Justice, Texas Correctional Industries, it's Subdivisions; and/or minimize its operating cost by the inducement and use of a false flat currency. This new currency was created and codified by the Texas Legislature for the use and benefit of the Texas Department of Criminal Justice. TDCJ is the managing organization of this bill of credit/tender (Good Time/Work Time) as it actively promotes, creates, distributes, and maintains an account of each every defendant's credit. The Texas Legislature implemented this system as a method for compensating inmates for their work time, and to avoid direct violation of the U.S. Code 1589 Forced Labor by TDCJ as an agency of the State of Texas, and to promote a lower operating cost for TDCJ. Such a system/scheme clearly represents a monetary value when associated with the production of goods and /or services whether they be sold, or used by TDCJ, or any other entity. As such, TDCJ is in violation of the U.S. Constitution Preamble Article 1 Section 10 (I): whereby "no state shall enter into a treaty, alliance, or confederation; grant letters of marquee and reprisal; coin money; emit bills of credit, make anything but gold or silver coin a tender in payment of debts; pass any bills of attained/ ex post facto law, or law impairing the obligation of contracts, or grant any title or nobility. The expressed intend and purpose of this TDCJ system is to pay an inmate in Good Time/Work Time for consideration. However, there is no measureable value earned by an inmate upon TDCJ's payment. Slavery was abolished by the passage of the 13th Amendment to the U.S. Constitution as such; the United States of America is Free of salves and involuntary servitude. Specific conditions do exist under the 13th Amendment for the enslavement or involuntary of an individual as a punishment for a crime whereof a party shall have been dully convicted. Fortunately no one in the TDCJ System has been sentenced as a punishment to slavery or involuntary servitude. Most people in the United Sates find the idea of a state sentencing an individual to this form of punishment repugnant. Further; Section 2 of the 13th Amendment further defines that Congress shall have power to enforce this Article by appropriate legislations. Such legislation is clearly represented in the United States Code 1589. Slave labor is defined as: work done by slaves, persons (such as political prisoners) forced to perform labor: any forced or paid labor. (Oxford American Dictionary pg. 858, 1980 Edition) Slave is defined as: (1) A person who is the property of another and obligated to work for him. (2) One who is dominated by another person or by an influence; a slave to duty. (3) A person compelled to work very hard for someone else; a drudge.

Petitioner was not sentenced to slavery or involuntary servitude, but to confinement and /or restitution. TDCJ cannot arbitrarily change the pronounced sentence of the court for convince prejudicial to petitioner's interest for the gain of TDCJ. U.S.C. 1589 specifically defines U. S. Statute and law regarding forced labor. TDCJ, its agents, or subordinates, including the Texas Board of Paroles and Pardons routinely strip an inmate of his/her Good Time/Work Time for an alleged violation of one or more rules. These violations of rules are unadjudicated, and are a taking of property. If Good Time/Work Time were awarded an actual monetary value, its intentions and consequences of removal would be

obvious. As per the 4th Amendment of the U.S. Constitution, it is illegal for a government entity to seize up the property of another without cause and due process.

Petitioner contends and believes this Good Time/Work Time formula is nothing more than a scheme to induce compliance into performance as prescribed by TDCJ and TBPP and /or their agents in a coordinated deception. This method, and it's illegality of depriving an individual for their work produce is clearly defined in USC 15.89 forced labor (a). As per USC 15.89 (a) "Whoever knowingly provides or obtains the labor or services of a person by anyone, or by any combination of the following means: (1) by any means of force, threats of physical restraint to that person or another person; (4) by means of any scheme, plan or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint.

V.

Application/Practice/Scheme:

In a typical scenario, an inmate is "processed" into the TDCJ system through various aptitude tests, sociology interviews, and classification. A job is assigned to an inmate. Upon assignment, an inmate is required to submit to any required OSHA training or task specific education as TDCJ might require. An inmate is then required to "turn out" for work when called. This "turn out" constitutes both Good Time/Work Time or both represented as a single number for a days' work. The non-compliance or refusal to work by an inmate assigned to a job prohibits earning of Good Time/Work Time for that day. The first case for non-compliance involves the entry for a "minor case" in the inmate's disciplinary record. A subsequent offense(s) yields a "major case" which is a higher offense depriving an inmate of one or more "privileges" whether that be recreational time outside of his cell, loss of Good Time/Work Time credits already earned, loss of visitation, loss of the ability to purchase "commissary" items, ect. Additionally violations eventually result in higher levels of confinement, "segregation" as a punishment or as a tool to compel compliance. Further refusal to work then subjects an inmate to a transfer to another facility usually well beyond the normal distances for the inmates visitors to travel, thereby limiting contact as an additional punishment. Further escalation of a case to a "major case" can and usually has the effect of reducing the inmate's Good Time/Work Time credit. So the rate being "paid" to the inmate is reduced for some term, usually extending six (6) months or more. This reduction via a scheme/system known as a "line class" and disciplinary report certainly has a negative effect on an inmate's ability to achieve a lower custody level via Parole/Mandatory Supervision; both of which are simply a continuation of custody/confinement with reduced restrictions.

Conceivably as promulgated by TDCJ and TBPP Good Time/Work Time is used in the application of sentence reduction (V.T.G.C. 508.150) for an illustration of the "rules" work; note the following: (1) an individual sentenced to 10 years confinement in TDCJ, would accumulate calendar time known as "Flat Time," Good Conduct Time known as "Good Time," Work Time known as "Work Time." Work Time is sometimes calculated as "Good Time" in practice. A typical sentence would allow the inmate to "earn" Good Time/Work Time in addition to calendar "Flat Time": 5 years − Flat Time/2.5 years − Good Time/2.5 years − Work Time = 10 years/ 10 years original 10 year sentence = 0. This individual "could" be released on Mandatory Supervision, (Mandatory Supervision means release without reporting to a parole officer) or Parole. This release is now discretionary, there is no guarantee such an inmate would be released, and certain offenses do not qualify for release via this calculation.

Further, a release to parole or mandatory supervision is not liberty. An individual subject to release is still under custody of the State until the time has expired on their original sentence subject to the rules, regulations, and policy changes of the TBPP (V.T.G.C. 508.143). Parole has no such published guidelines. An inmate's release/transfer to parole is at the sole discretion of the TBPP. Mandatory Supervision used to be codified as Mandatory, now it is Discretionary Mandatory Release. In effect, there is no value earned by either Good Time/Work Time credits. Currency, money, credits are all used to purchase things of value. There is nothing that can be purchased or demanded upon payment of Good

Time/Work Time. The petitioner would assert therefore Good Time/ Work Time credits are a false currency. Texas Government Code 508.150 (d), specifically cites, " A parole panel may not use calendar time served and good time accrued by an inmate that are used by the panel in determining when a judgment and sentence cease to operate."

The jobs required to be performed by inmates vary in task/skill throughout the system. They include, but are not limited to: professional over the road trucking, requiring a class "A" Commercial driver's license, food production via various means of agriculture, food preparation, janitorial services and repair maintenance of equipment/vehicles/facilities. There are additional trade functions performed, such as electrical, HVAC, plumbing, and other construction services; including the building of prisons by inmates and road building for the Texas Department of Transportation, where available. TDCJ is believed to own the largest cattle herd, Chicken stock, and pig farms in the State of Texas. All operations are run on the labor of inmates. Notably, any and all job functions currently performed by inmate labor would have to be purchased at market rates; if they were not being performed for free under the Good Time/Work Time, time system or scheme of Good Time/Work Time to defraud the inmates of whom it is charged to house of a fair wage for their labors, and forces, compliance via "TCI" Brand, receiving compensation or other benefits for its participation. This system is obviously designed to reduce TDCJ's operating costs at its facilities, with an added benefit of generating income for TDCJ.

VI.

Summary:

TDCJ, TBPP cannot have it both ways. They cannot say, on one hand Good Time/Work Time is valuable consideration, then upon request for exchange of other valuable consideration say that it has no value. Clearly this is a hallmark characteristic of an illegal scheme to deprive one, of their property via deception, cohersion and manipulation. Surely anyone can see both TDCJ and TBPP enjoy absolute power over inmates who have been confined to TDCJ and TBPP and later via Parole/Mandatory release to TBPP. Good Time /Work Time will not pay an assessment or restitution in a criminal judgment, and a potential parolee may be subject to victim restitution as a condition of parole by the TBPP. TBPP's use of Good Time/Work Time is clearly discretionary and arbitrary as there are no, or little, if any mandates related to an absolute release of an inmate after acquiring a specific combination or aggregate of flat time, work time, and /or good time. TDCJ and TBPP conduct in relation to an award of Good Time/Work Time, and the indiscriminate revocation of Good Time/Work Time including legislature efforts to curtail the use of or entirely remove an inmate's "work product" without a commensurate compensation provided to the inmate, clearly demonstrates the value and merit of the system/scheme. In fact, TDCJ's value of its reward system is so low, an inmate cannot purchase soup, a candy cane, or even provide a fee for a $3.00 medical co-pay; much less a $100.00; with any or all of the credits provided by its award system to either its own in-house store "commissary" or medical department. Certainly, no party could argue Good Time/Work Time credits have any measurable value, nor are applicable by any means of buying down an inmate's time of confinement or incarceration. Parole/Mandatory Supervision is simply the continuation of custody in another physical location within the scope rules and confines of either TDCJ and/or TBPP, it is clearly an affront and in fact fraud of the same practices that are currently occurring within the confines of TDCJ/TBPP were implemented the public sector. An employee would simply promise payment, decide on what work was to be performed, command compliance, and then pay with its own paper or credit currency without any mechanism to redeem for any value. It behooves the government to put in and use an honest set of weights and measures for the payment of debts, and not use convenient excuses or schemes to defraud those which whom they represent. Former U.S. Supreme Court Justice Louis Branders wrote…"crime is contagious, especially when the government commits it." "When the government breaks the law and defies the constitution, it sets the standard that makes it much easier for society to do the same. When governments and politicians show contempt for the law, it is a signal that everyone else can do it as well." (End the Fed, Ron Paul 163).

VII.

## VII.

**Request-Class Certification**

Petitioners request class certification as soon as practicable after the comencement of this action. A request for class certification must assert that the four requirements of Rule 23(a) are met and the class meets at least one of the three categories of Rule 23(b). <u>Wal -Mart Stores, Inc. v. Dukes</u>, 131 S.Ct 2541, 2548 (2011)

One or more members of a class may sue as representative parties on behalf of the class if all the following requirements are met, (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a); <u>Ortiz v. Fibreboard Corp</u>., 527 U.S. 815, 828 n.6(1999);<u>Mullen v. Trea-sure Chest Casino, LLC</u>, 186 F.3d 620, 623 (5th cir. 1999)

The court should grant Petitioners request for class certification for the following reasons:

1.   The class is so numerous that joinder of all members is impracticable. Fed.R. Civ.P. 23(a)(1); <u>Pederson v. LA.</u> 213 F.3d 858,868-60 & n.11 (5th cir. 2000) Presently there more than 150,000 prisoners throughout the State of Texas that will be affectd by this action and due to their incarceration and restrictions placed upon them by defendants that joinder of all members is impracticable.

2. There are questions of law or fact common to the class. Fed. R. Civ. P 23(a)(2).   The class members have all suffered the same injury. Specifically, Petitioners are being subjected to the same illegal scheme to deprive them of their labor and work product without compensation.

3. The claims of the proposed class representative are typical of the claims of all of the class members Fed.R.Civ.P. 23(a)(3). the undersigned prisoners have the same interests and have generally suffered the same type of injury as the rest of the class.

4. The undersgined Petitioners will fairly and adequately protect the interest of the class. Fed.R.Civ.P. 23(a)(4) This because all of the undersigned are members of the class, have no conflicts with the class members, and have suffered the same injury as the class members. Moreover, the undersigned expect to be appointed with competent counsel to rperesent the class.

The court should certify the class because prosecuting seperate action against individual class members would create a risk of adjudications for the individual class members that would be dispositive of the interests of the other members who are no parties to the adjudications or (2) substantially impair or impede the other members' ability to protect their interests. Fed.R.Civ.P 23(b)(1)(B); In re Integra Realty Res., Inc, 354 F.3d 1246, 1263-64 & n.6 (10th Cir. 2004)

This court should certify the class because Defendants have acted on grounds generally applicable to all proposed class members, so the final injunctive or declaratory relief is appro-

roate for the entire class. Fed.R.Civ.P. 23(b)(2)

This court should certify the class because the common questions of law or fact preeominate overaany questions affecting only individual members, and the class action is superior to oother available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). Sepcifically, the class members are not interested in individually controlling the prosecution of seperate actions Fed.R.Civ.P. 23(b)(3)(A).

## VIII.

**Prayer**

Petitioners pray that this court grant relief on the matters raised in this petition via:

1.   Issuing an immediate injunction barring TDCJ, TBPP. TCI, and its subsidiaries and subordinates to cease and desist from employing an inmate's labor unless upon the expressed written and voluntary consent to such labor for each and every "turn out" requested by TDCJ and its subsidiaries.

2.   Order the investigation, restoration, and payment of all of all inmates whom had Good Time/ work Time removed either voluntarily on release or involuntarily for any cause for the last 10 yearts.

3.   Order TDCJ to compensate all Good Time/ work time on each and every inmate's trust account at the current minimum wage, for every one credit of Good time and Work time.

4.   Order the TBPP to stop advertising or promoting Good Time/ Work time as a total to reach parole and remove such numbers

from parole consideration.

5.   Order TDCJ to end its practice of using disciplinary notices for failure ot work, including generation of subsequent minor/ major cases, including all punitive actions.

6,  Issue an order for any and all relief deemed necessary and and proper.

Petitioners file this petition for relief subject to the the provisions and protections enumerated in the United States of America's Whistle Blower act.

Respectfully submitted,

[signatures]

<u>CERTIFICATE OF SERVICE</u>

WE THE UNDERSIGNED, do hereby declare that on this ⊥ day of _____ 2016,

pursuant to <u>Caldwell v. Amend</u>, 30 F. 3d 199, and 28 U.S.C 1746, and under

penalty of pergury that I have served the Defendants with the foregoing Civil

Rights Complaint, Memorandum of Law, and Jury Demand, along with attached

grievances, by placing the Original and (1) copy in a sealed envelope, addressed

to the clerk of the United States District Court for the Eastern District

of Texas, Tyler Division, placing in the hands of Coffield law library officer

to place the correct postage on via indigent mail, and deliver to the Unit

Mail Room to be mailed through the U.S. Mail.

| Signature | # |
|---|---|
| Mario Hicks | #505593 |
| Ray D. Massley | #710828 |
| (illegible) | #1257009 |
| (illegible) Taylor | #1596532 |
| Elbert Coffee | #842524 |
| Terrance L. Jackson | #803070 |
| Lorne Berry | #1828946 |
| C. Benjamin | #1372371 |
| Terry L. Bell | #1690532 |
| Leonard Griffin | #1474894 |
| James Moore | #734349 |
| Rodney John | #654755 |
| Bernard Tidall | #537458 |
| (illegible) | 1855827 |
| Paul L. Papillion | #1242030 |
| Tery Pulley | #1488463 |
| Daniel J. Lyle | #1143232 |

| Signature | # |
|---|---|
| Cory Burley | #614581 |
| Rodney Brown | #1814844 |
| Derwin Doyle | #314107 |
| Guy Bradley | #877830 |
| (illegible) Walker | #1815501 |
| Brandon Hughes | 2020195 |
| Rufus King | |
| Arthur Oakley | #1894943 |
| Michael Lyle X | #1240157 |
| Luis Onom | #720276 |
| Chuck Oliver | #1488522 |
| Ted Gongora | #1336205 |
| Derrick Bowman | #1103081 |
| Leon T. Parton | #1940151 |
| Roty Holmes | #1463248 |
| Michael Scott | #N93745 |

Erica O. Bowman #1103081

Leon T. Parker # 1940151

Koty Holmes # 1463248

Joseph Johnson #734927

Michael Lane # 1238595

Antainas J. Edwards #681982

Ambers III Standier # 619474

Kevin Clark 1059044

Jimmy Babineaux #1842604

Enrique Fonseca #12175107

Arceuthre Rodrigue 7 #1817661

Vincent Hill #1981426

Angel Vp # 2018184

Roger Harrison #608052

Charnos R. Gatnes #1812321

Javier Perales #7884314

Jennara R. Clark #519126

Shon Stokes 1434638

Tyrone L. Brew 1859571

Willie Weathers 1813298

Keith Johnson # 1732493

Frank Montgomery #1254959

Shelton Johnson #1009742

Jesso Dorty #1882918

Keith H. Washington #1487958

Marvin French 1686412

Sam Sambe 1493813

Bernard C Williams #732837

Aaron Vaughn #1531215

Michael L Berry 1822168

CHARMIN L. CREW #1001755

Harold Lolite #1776570

Theshie B. Baton 66005

Andrew Bonton #1905950

Nicholas Williams #1817836

M Kon A 1770613

Virdel Ford 1919000

C. Willie 1494166

L White 837808

K. Gooch 1538725

S. Andres 1987125

M. ALVARADO 1303057

Howard McCreary #1650071

Lawrence Anderson 1571943

LANDELL SHECKLES # 1175015

Cecile II Bennett # 1034769

Charlie Evans 1393843

Jason Kimble #1573189

Amh Phaher 769101

Anthony Aguilar #2002275

Darlimont #1979083

Timothy Lee Berry 1806679

Ronnie Demouth 202735

Demarcous The Gower 1821498

Michael Lane # 1238965
2661 FM 2054 Coffield Unit
Tenn. Colony, TX 75884

"Legal Mail"

2X49 3X22

Office of the Clerk
United States District Court
211 W. Ferguson St.
Tyler, Texas 75702

